UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Sandra Becerra | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Raymond Ballister, Jr. | Michael Chilleen | |

**Proceedings:** PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (filed 06/12/09)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (filed 06/15/09)

## I. INTRODUCTION

On September 29, 2008, plaintiffs Mary Jo Kittok and Curtis Bell filed the instant action against defendants Ralphs Grocery Company ("Ralphs") and Does 1 through 100 in Riverside County Superior Court alleging claims for (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq*; (3) violation of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*; and (4) negligence. On November 13, 2008, defendant Ralphs removed this case to federal court. On November 26, 2008, this case was transferred to this Court.

On May 4, 2009, the Court denied defendant's motion for summary judgment. The Court held that plaintiff's claims were not rendered moot simply because defendant moved its shopping cart return corrals out of its handicap parking spaces.

On June 12, 2009, plaintiffs filed a motion for summary judgment. On June 15, 2009, defendant filed a motion for summary judgment. On June 22, 2009, the parties filed their respective oppositions. On June 29, 2009, defendant filed its reply. On June 30, 2009, plaintiffs filed their reply. A hearing was held on July 27, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

**II.    BACKGROUND**

Plaintiffs are disabled individuals who use wheelchairs for mobility. Kittok Decl. ¶ 2; Bell Decl. ¶ 2. Plaintiffs contend that on February 1, 2008, plaintiffs visited a Ralphs' store located at 6155 Magnolia Avenue, Riverside, California, and encountered an architectural barrier. Kittok Decl. ¶¶ 3-5. Specifically, plaintiffs further contend that a shopping cart return corral was improperly placed in a disabled parking access aisle. Id. Plaintiffs assert that on at least three separate occasions they complained to the management of the subject store about the placement of shopping cart return corrals in disabled parking spaces. Kittok Decl. ¶ 7; Bell Decl. ¶ 7. Some time in the middle of May 2009, defendant permanently bolted the shopping cart return corrals at the subject store to the ground. Azzolini Decl. ¶ 2.

**III.    LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   O   JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

& n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**IV. DISCUSSION**

    **A. Plaintiffs' Motion for Summary Judgment**

        **1. Plaintiffs' ADA Claim**

Plaintiffs argue that they are entitled to summary judgment on their ADA claim because they have demonstrated that (1) they are disabled; (2) the subject store is a plae of public accommodation; (3) the subject store had an architectural barrier because defendant failed to provide and maintain accessible parking; (4) removal of the barriers was readily achievable; and (5) plaintiffs encountered the barrier. Mot. at 6-12.

Defendant responds that their remedial efforts render plaintiff's ADA claim for injunctive relief moot. Opp'n at 3 (citing Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005); Martinez v. Longs Drug Stores Corp., 2008 WL 2329712 (9th Cir. 2000)). Defendant argues that plaintiffs have conceded that defendant "already removed the barrier." Id. at 4. Defendant further argues that because plaintiff's ADA claim is moot, "there is no reason for the Court to determine if any ADA violations previously existed." Id. (citing Oliver v. KFC Corp., 2008 WL 2756605 (S.D. Cal. July 14, 2008)).

Plaintiffs acknowledge that defendant has corrected the ADA violation at issue and asserts that "there is only one issue for this Court: dismiss plaintiffs' state law claims, or exercise its discretion and retain supplemental jurisdiction over those claims?" Opp'n at 2. Therefore, the Court concludes that plaintiffs are not entitled to summary judgment on their ADA claim because it is moot. Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA         O    JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

### 2. Plaintiffs' Unruh Act and CDPA Claims

Plaintiffs argue that their Unruh Act and CDPA claims are predicated upon their ADA claim. Mot. at 12 (citing Cal. Civ. Code § 51; Cal. Civ. Code § 54.1(d)). Plaintiffs further argue that pursuant to the Unruh Act and the CDPA, they are entitled to statutory damages. Id. at 13 (citing Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000)). Plaintiffs contend that they choose to proceed under the Unruh Act and limit their claims to the minimum statutory damages of $4,000 per plaintiff. Id. at 14. Plaintiffs further contend that there is no need to demonstrate intent in order to obtain damages under the Unruh Act pursuant to an ADA violation. Id. (citing Munson v. Del Taco Inc., 2009 WL 1619783 at *1 (Cal. June 11, 2009)).

Defendant responds that the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims because they raise novel and complex issues of state law. Opp'n at 6 (citing Rodriguez v. Ralphs Grocery Company, No. 07-56822 (Ninth Circuit Apr. 13, 2009); Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant, 406 F. Supp. 2d 1120, 1120 (S.D. Cal. 2005)). Defendant argues that it is "aware of at least 23 federal district court decisions that have declined to exercised supplement jurisdiction over Unruh and DPA claims under similar facts as this case." Id. at 7. Defendant further argues that plaintiffs' state law claims for damages substantially predominate this action. Id. at 8 (citing Molski v. EOS Estate Winery, 2005 WL 3952249 (C.D. Cal. July 14, 2005)).

Defendant further responds that plaintiffs have failed to establish that they are entitled to damages under the Unruh Act and CDPA. Opp'n at 9. Defendant contends that a genuine issue of material fact exists as to whether plaintiffs were denied access on a particular occasion. Id. at 10 (citing Donald v. Café Royale, Inc., 218 Cal. App. 3d 168, 183 (1990)). Defendant argues that even assuming arguendo that a cart return corral was placed in a disabled parking area, the parking lot has five handicapped spaces and there were "plenty of spots" for plaintiffs to park in. Id. at 10 (citing Chilleen Decl. ¶ 3). Defendant contends that plaintiffs do not claim that they were unable to park in any of the available disabled parking spaces. Defendant further contends that plaintiffs' claims fail because they have not offered any evidence that defendant "owns, operates or leases the subject parking lot." Opp'n at 11.

Plaintiffs acknowledge that defendant has corrected the ADA violation at issue and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O    JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

asserts that "there is only one issue for this Court: dismiss plaintiffs' state law claims, or exercise its discretion and retain supplemental jurisdiction over those claims?" Opp'n at 2. Plaintiffs argue that "we are at a point in the litigation where it is simply irrational to dismiss the state claims." Opp'n at 4. Plaintiffs contend that the Court has "set and presided at scheduling conferences set dates, has already ruled on one previous summary judgment motion, recently presided over an unsuccessful settlement conference, and currently has cross-motions pending for summary judgment." Id. Plaintiffs argue that considerations of judicial economy, convenience, and fairness to litigants "decisively" favor the exercise of supplemental jurisdiction. Id. at 5.

Plaintiffs further argue that there are no novel or complex issues of state law in this case. Opp'n at 5. Plaintiffs contend that they are only seeking a statutory penalty of $4,000 for each plaintiff. Id. at 6. Plaintiffs further contend that the Court is not required to remand the case, as defendant contends, because the Court has dismissed the ADA claim on the merits, rather than jurisdictional grounds. Id. at 9-10 (citing Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001)).

The Court concludes that it should exercise supplemental jurisdiction over plaintiffs' state law claims in the interest of "judicial economy, convenience and fairness to litigants." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988). The Court concludes that remanding this case at this stage of the proceedings, after the Court has ruled on a motion for summary judgment, would be a waste of judicial resources. Furthermore, this case does not present novel or complex issues of state law because plaintiffs are only seeking the statutory minimum penalty. Moreover, the Court is not required to remand this case because the Court had original jurisdiction over this action. Herman, 254 F.3d at 806 ("This requirement that the supplemental state-law claims be dismissed where the district court had no underlying original jurisdiction must be distinguished from the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction.").[1]

---

[1] Defendant contends that this case should be remanded because mootness is a jurisdictional defect and therefore the Court did not have original jurisdiction. However, for the purposes of requiring remand, "[d]ismissal on jurisdictional grounds means that
(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   O   JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

The Court further concludes that plaintiffs are entitled to summary judgment on their state law claims. Plaintiffs have established a violation under Title III of the ADA by demonstrating that (1) they are disabled; (2) the subject store is a place of public accommodation; (3) the subject store had an architectural barrier; (4) the barrier was "readily achievably" removed; and (5) that plaintiffs encountered the barrier.[2] Wilson v. Pier 1 Imports (US), Inc. 439 F. Supp. 2d 1054, 1067 (E.D. Cal. 2006). This violation of the ADA constitutes a violation under the Unruh Act and the CDPA. Cal. Civ. Code § 51; Cal. Civ. Code § 54.1(d).[3] Furthermore, the California Supreme Court has held that "Section 52 provides for minimum statutory damages . . . for every violation of section 51, regardless of the plaintiff's actual damages." Angelucci v. Century Supper Club, 41

---

[1](...continued)
the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction." Herman, 254 F.3d at 806.

[2] At oral argument, defense counsel argued that plaintiffs have not established that they were denied access on a particular occasion because there were *some* handicap parking spaces available when plaintiffs visited the subject store. However, plaintiffs' declarations clearly state that the presence of the shopping cart corral "made it impossible to use the disabled parking spaces." Kittok Decl. ¶ 7; Bell Decl. ¶ 7. Furthermore, plaintiffs are not required to demonstrate that there were no handicapped parking spaces available. Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 436-37 (N.D. Cal. 1994) (holding that "where a plaintiff can prove that violations of applicable California disability access standards deterred her on a particular occasion from attempting to attend a place of public accommodation, that plaintiff states a claim for relief . . . for damages under [the CDPA and Unruh Act].").

[3] The Court also concludes that plaintiffs have adequately demonstrated that defendant "owns, operates, or leases" the subject parking lot. Plaintiffs have provided evidence that the parking lot at issue services the subject store. Additionally, defendant provided evidence in its first motion for summary judgment that (1) the policy of the subject store was to ensure that disabled parking spaces are kept free of obstruction; and (2) Jeff Tribble, manager of the subject store, conducted a daily check of the parking lot to ensure that the handicap parking spaces were unobstructed. This evidence is sufficient to demonstrate that defendant operates the subject parking lot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       O     JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

Cal. 4th 160, 174 (2007) (quoting Koire v. Metro Car Wash 40 Cal.3d 24 (1985)). Therefore, plaintiffs are not required to prove actual damages and are entitled to recover total statutory damages of $8,000 under the Unruh Act, or $4,000 per plaintiff. Cal. Civ. Code § 52(a).

### B. Defendant's Motion for Summary Judgment

#### 1. Plaintiffs' ADA Claim

Defendant argues that it has bolted the shopping cart return corrals to the pavement and is therefore entitled to summary judgment on plaintiffs' ADA claim because it is moot. Mot. at 1.

The Court concludes that defendant is entitled to summary judgment on plaintiffs' ADA claim because the shopping cart return corrals have been bolted to the ground and their claims is therefore moot. Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005).

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion for summary judgment as to their claims under the Unruh Act and the CDPA. The Court further DENIES plaintiffs' motion for summary judgment as to their ADA claim.

The Court further GRANTS defendant's motion as to plaintiffs' ADA claim.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |