UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Russell Handy | Not Present |

**Proceedings:**   **PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY FEES** (filed 07/31/09)

## I.   INTRODUCTION

On September 29, 2008, plaintiffs Mary Jo Kittok and Curtis Bell filed the instant action against defendants Ralphs Grocery Company ("Ralphs") and Does 1 through 100 in Riverside County Superior Court alleging claims for (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq*; (3) violation of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*; and (4) negligence.  On November 13, 2008, defendant Ralphs removed this case to federal court. On November 26, 2008, this case was transferred to this Court.

On May 4, 2009, the Court denied defendant's motion for summary judgment.  The Court held that plaintiffs' claims were not rendered moot simply because defendant moved its shopping cart return corrals out of its handicap parking spaces.

On July 27, 2009, the Court granted plaintiffs' motion for summary judgment as to their state law claims and awarded them total statutory damages of $8,000, or the minimum statutory damages under the Unruh Act of $4,000 per plaintiff.   Cal. Civ. Code § 52(a).  The Court denied plaintiffs' motion for summary judgment as to their ADA claim and granted defendant's cross-motion as to plaintiffs' ADA claim on the ground that the controversy had become moot after the defendant had permanently bolted the shopping cart return corrals to the ground to assure they would not interfere with plaintiffs' access at the subject store.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

On July 31, 2009, plaintiffs filed the present motion for an award of attorneys' fees. On August 10, 2009, defendant filed its opposition. On August 12, 2009, plaintiffs filed their reply. A hearing was held on August 24, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiffs are disabled individuals who use wheelchairs for mobility. Kittok Decl. ¶ 2; Bell Decl. ¶ 2. Plaintiffs contend that on February 1, 2008, plaintiffs visited a Ralphs' store located at 6155 Magnolia Avenue, Riverside, California, and encountered an architectural barrier. Kittok Decl. ¶¶ 3-5. Specifically, plaintiffs further contend that a shopping cart return corral was improperly placed in a disabled parking access aisle. Id. Plaintiffs assert that on at least three separate occasions they complained to the management of the subject store about the placement of shopping cart return corrals in disabled parking spaces. Kittok Decl. ¶ 7; Bell Decl. ¶ 7. Some time in the middle of May 2009, defendant permanently bolted the shopping cart return corrals at the subject store to the ground. Azzolini Decl. ¶ 2.

## III.  LEGAL STANDARD

Under the Unruh Act, parties found to have violated Section 51 are liable for "any attorney fees that may be determined by the court." Cal. Civ. Code § 52(a). In civil rights litigation, the "prevailing plaintiff should 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quoting Newman v. Piggie Park Enter., 390 U.S. 400, 402 (1968)).

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437. The Court has an independent duty to determine whether the hours and hourly rate submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value. The lodestar amount is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Id. at 433.

The Court must exclude from the lodestar amount hours that are not reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

expended because they are "excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citation and internal quotation marks omitted). Then the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." Id. In Hensley, the Supreme Court set forth twelve factors ("Hensley factors") that may be considered in determining both the lodestar value and the multiplier.[1] The lodestar amount is "presumptively the reasonable fee amount," and should be adjusted upward or downward by a multiplier in "rare" or "exceptional" cases only. Van Gerwen, 214 F.3d at 1045.

## IV. DISCUSSION

Plaintiffs argue that as the prevailing party, they are entitled to an award of their reasonable attorneys' fees, totaling $22,108.00, pursuant to Cal. Civ. Code § 52(a). Mot. at 1; Ex. 2 at 1 ("Billing Statement").

In support of their motion, plaintiffs submit a billing statement documenting the hours of attorney time expended in this litigation and the declarations of Mark Potter ("Potter"), Raymond Ballister ("Ballister"), and expert witness Boyd S. Lemon ("Lemon"). The billing statement indicates that plaintiffs' counsel Potter, Ballister, Russell Handy ("Handy"), and Steve Wendel ("Wendel") worked a total of 73.7 hours on the case at $295 per hour.[2] Billing Statement at 1-4; Mot. at 5; Potter Decl. ¶¶ 4-6. In addition to reasonable attorneys' fees, plaintiffs seek $100 in investigator costs for

---

[1] The twelve factors identified are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) whether accepting the case precluded the attorney from taking other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3.

[2] The Potter Declaration does not provide the hourly rate of plaintiffs' counsel Wendel. See Potter Decl. ¶¶ 4-6. However, the Billing Statement indicates that his hourly rate is $295 per hour. Billing Statement at 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

inspection of the shopping cart corrals at defendant's property. Billing Statement at 1. The Court calculates that the correct sum of the fees and costs sought by plaintiffs is $21,841.50.[3]

As to the hours expended, plaintiffs argue that the attorneys' fees were reasonably and necessarily incurred. Mot. at 7. Plaintiffs further argue that the fees are reasonable because plaintiffs' counsel "expended only about two work weeks" for the present case which was litigated for almost a year and included the prosecution of motions, site inspections, court hearings, written discovery correspondence, three motions for summary judgment and the present motion. Id. at 7. While plaintiffs seek no increase over the lodestar amount based on the Hensley factors, plaintiffs briefly discuss the applicability of each factor. Id. at 8-12. As to the Hensley factor of "amount involved and results obtained,"[4] plaintiffs contend that they "obtained every bit of [their] requested injunctive relief" for their ADA claim since "defendants went out and remodeled the parking" during the course of the lawsuit. Id. at 10. Additionally, plaintiffs contend that in granting plaintiffs' motion for summary judgment on the state law claims, the Court necessarily found that plaintiffs had established a violation under Title III of the ADA. Reply at 4 (citing Ct. Order July 27, 2009). Plaintiffs further contend that the judgment of $4,000 under the Unruh Act for each plaintiff is "well within the sphere of what is contemplated by the statute as a penalty against the defendant" and that access denial cases "simply never involve[] large sums of money." Mot. at 10; see also Reply at 7-9. For these reasons, plaintiffs argue that they were "fully successful." Id.

Defendant responds that the Court should deny plaintiffs' claim for attorneys' fees in its entirety because only the "prevailing party" is entitled to recover reasonable attorneys' fees. Opp'n at 4 (citing Cal. Civ. Code § 55; 42 U.S.C. § 12205). Defendant argues that in determining the appropriateness of a fee award, the Court must consider the "most critical factor [which] is the degree of success obtained." Id. at 3-4 (quoting Hensley, 461 U.S. at 436). Accordingly, defendant argues that plaintiffs' "purported 'success' in this matter is limited" because Ralphs prevailed on the ADA claim, plaintiffs

---

[3] The total sum listed on the Billing Statement appears to be incorrect. Attorneys' fees equal $21,741.50 ($295 multiplied by 73.7 hours) plus an additional $100 for investigator costs.

[4] Hensley, 461 U.S. at 430 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

"abandoned" their negligence claim, and the Court awarded plaintiffs the statutory minimum and "no more" under the Unruh Act. Id. Defendant further argues that in "cases where a plaintiff receives only nominal damages or achieves only technical success . . . a court may dispense with the calculation of a lodestar and simply establish a low fee or no fee at all." Id. at 4 (citing Farrar v. Hobby, 506 U.S. 103, 115-16 (1992)).

Alternatively, defendant argues that to the extent that the Court finds plaintiffs are entitled to attorneys' fees that they be reduced based on plaintiffs' "limited success." Opp'n at 4. Defendant contends that either the attorneys' fees must be proportional to the amount of plaintiffs' recovery, or that the attorneys' fees must be limited to the state claims to which plaintiffs prevailed. Id. at 4-8. First, defendant argues that the attorneys' fees sought by plaintiffs are unreasonable because the award is "2 ½ times the amount of [p]laintiffs' combined recovery."[5] Id. at 6. Defendant further argues that the Ninth Circuit has "routinely refuse[d] to approve attorney fee awards in amounts that constitute a high multiple of damages." Id. at 5 (citing Dannenberg v. Valadez, 338 F.3d 1070, 1071 (9th Cir. 2003) (vacating attorneys' fee of $57,566 where plaintiff was awarded $9,000 in damages and "district court did not properly consider [plaintiff's] degree of success in arriving at reasonable fee award.")). Secondly, defendant argues that plaintiffs should not be allowed to recover attorneys' fees incurred as to issues on which they did

---

[5] In support of their motion, plaintiffs include a declaration from plaintiffs' counsel and communication from defendant's counsel discussing settlement terms. Ballister Decl. ¶ 2; Ex. 4 ("Hurley Letter"). Plaintiffs argue that they were reasonable in their settlement demands. Mot. at 2. Plaintiffs contend that at the settlement conference on May 27, 2009, defendant's offer was for a total of $5,000 and plaintiffs countered with $5,000 in damages with an agreement to submit he issue of reasonable attorney's fees to the court. Id.; Ballister Decl. ¶ 2. Plaintiffs further contend this counteroffer was reasonable because there was "over $11,000 in attorney's fees generated by plaintiff's counsel at this point in time." Mot. at 2. Finally, plaintiff contends that the defendant's offer of $8,500 (including attorney's fees and damages), issued on June 18, 2009 after cross motions for summary judgment were filed and pending, was declined as an unreasonable offer. Mot. at 2; and see Hurley Letter at 2.

Defendant responds that these settlement negotiations do not bear on the "reasonableness" of their fees. Opp'n at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

not prevail. Id. at 4, 6-7 (citing Hensley, 461 U.S. at 434-35). Defendant further argues that plaintiffs should only be awarded fees and costs that are "clearly attributable [on the submitted billing statement] to the claims and issues" on which they prevailed. Finally, defendant urges that the Court apply a negative multiplier of "½" to account for plaintiffs prevailing on half of their claims. Id. at 7-8 (citing Martinez v. Longs Drugs Store, Inc., 2005 U.S. Dist. LEXIS 30226) (E.D. Cal. 2005) (applying a two-thirds negative multiplier to plaintiff's attorneys fees where plaintiff alleged twenty-one architectural barriers under the ADA and prevailed as to five of those barriers and was awarded $4,000 under the state accessibility claim)).

Plaintiffs respond that the Supreme Court has rejected a rule of proportionality that would limit attorney fee awards to a proportion of the damages recovered in the underlying suit. Reply at 5 (quoting City of Riverside v. Rivera, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). Plaintiffs further respond that California law rejects a proportionality test. Id. at 6 (quoting Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1175-76 (1998) ("Where a statute authorizes 'the Court to award reasonable fees and does not limit fees to a percentage of the plaintiff's recovery, the attorney who takes such a case can anticipate receiving full compensation for every hour spent litigating a claim.'")).

After careful review of the billing statement and declarations, the Court finds that this documentation is sufficient to meet plaintiff's burden of production and proof.[6] The Court also finds that based on the submitted evidence, and the Court's familiarity with the rates charged by other firms in the Los Angeles legal community, the requested hourly rates are reasonable. See Lemon Decl. § 5. Finally, the Court finds that the hours were reasonably expended and concludes that plaintiffs, as the prevailing party on the state law claims, are entitled to reasonable attorneys fees.

---

[6] Although defendant argues that the billing statement is filled with "block billing" or "serial billing" entries making it impossible for the Court to determine whether the time expended on separate tasks was reasonable, the Court does not find that the billing statement is over-generalized. See Opp'n at 8 (citing Keith v. Volpe, 644 F. Supp. 1317, 1322 (C.D. Cal 1986), aff'd, 858 F.2d 467 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

    Plaintiffs did cause defendant to permanently correct the barrier caused by the shopping cart return corrals rendering the ADA claim moot. However, the Supreme Court has ruled that the "catalyst theory" is not a permissible basis for the award of attorney's fees under the ADA.  See Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health, 532 U.S. 598 (2001) (holding that plaintiff does not qualify as "prevailing party" simply because the lawsuit brought about a voluntary change in defendant's conduct and plaintiff achieved desired result).

    Nonetheless, plaintiffs were required to develop the same evidence for the ADA claim and the state law claims such that it would be difficult to apportion fees attributable to each.  See Schwarz v. Sec'y of Health & Human Serv., 73 F.3d 895 (9th Cir. 1995) ("If the plaintiff prevails on some claims but not others . . . [and] they 'involve a common core of facts,' [then] the district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" (quoting Hensley, 461 U.S. at 434-45)).  Finally, as plaintiffs argued, the Supreme Court and the California Court of Appeal have rejected a rule of proportionality that would limit the award of attorney's fees.  See Rivera, 477 U.S. 561 (1986); Weeks, 63 Cal. App. 4th 1128 (1998).  In so far as defendant argues that the Court should apply a negative multiplier, the facts of Martinez differ from the set of facts in this case where plaintiffs complained of one barrier, prevailed in causing that barrier to be remedied, and obtained summary judgment as to their state law claims.  Cf. Martinez, 2005 U.S. Dist. LEXIS 30226, at *9 (finding that a reduction in fee award was appropriate because the sixteen unsuccessful claims were unrelated to the five successful claims).

    The Court concludes that the attorneys' fees are reasonable given the plaintiffs' success and the relief obtained.  Therefore the Court awards plaintiffs $21,841.50 in attorneys' fees.

**V.     CONCLUSION**

    In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion for attorney's fees.  Defendant is ordered to pay plaintiffs a total of $21,841.50 for reasonable attorneys' fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1627 CAS (RCx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | MARY JO KITTOK; ET AL. v. RALPHS GROCERY COMPANY | | |

IT IS SO ORDERED.

00 : 01

Initials of Preparer    CMJ